| | |
|---|---|
| CARLIS G. STEPHENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No: 4:15CV954 HEA |
| | ) |
| NEIL P. ZIEGMANN, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the following: Motion to Dismiss Party for Improper Venue Under Rule 12(b)(3) by Defendant Justin Chick, [Doc. No. 84], Motion to Dismiss Party for Improper Venue Under Rule 12(B)(3), Failure to State a Claim under Rule (b)(6), and Lack of Personal Jurisdiction Under Rule 12(b)(2) by Defendant Jay Berlin. [Doc. No. 86], Motion to Dismiss Party for Improper Venue Under Rule 12(b)(3) and Failure to State a Claim Under Rule (b)(6) by Defendant Stephen Chick, [Doc. No. 88], Motion to Dismiss Party for Improper Venue Under Rule 12(b)(3), Failure to State a Claim under Rule 12(B)(6) and Lack of Personal Jurisdiction under 12(b)(2) by Defendant Jeb Hollingshead, [Doc. No. 90], Motion to Dismiss Party for Improper Venue, Failure to State a Claim for Personal Liability and Lack of Personal Jurisdiction by Defendant John Chagnon, [Doc. No. 92], Motion to Dismiss Party for Improper Venue and Lack of Personal

Jurisdiction by Defendant Fleming Outdoors, LLC., [Doc. No. 94], Motion to Dismiss Party for Improper Venue Under Rule 12(b)(3) and Lack of Personal Jurisdiction Under 12(b)(2) by Defendant Okie Cable & Trap Supply, LLC., [Doc. No. 96], Motion to Dismiss Party for Improper Venue Under Rule 12(b)(3) and Lack of Personal Jurisdiction Under Rule 12(b)(2) by Defendant Phoenix Composite Solutions, Inc.., [Doc. No. 98], Motion to Dismiss Party for Improper Venue and Lack of Personal Jurisdiction by Defendant Cumberland's Northwest Trappers Supply, Inc.. [Doc. No. 100], Motion to Dismiss Party for Improper Venue Under Rule 12(b)(3) and Lack of Personal Jurisdiction Under 12(b)(2) by Defendant The Sportsman's Guide, Inc.. [Doc. No. 104], Motion to Dismiss Party for Improper Venue, Failure to State a Claim for Personal Liability and Lack of Personal Jurisdiction by Defendant Tina Schultz.[Doc. No. 107], Motion to Dismiss Party for Failure to State a Claim Upon Which Relief Can Be Granted by Defendant Orscheln Farm and Home, LLC., [Doc. No 110], Motion to Dismiss Party for Improper Venue, Failure to State a Claim for Personal Liability, and Lack of Personal Jurisdiction by Defendant James Thielen, [Doc. No. 111], Motion to Dismiss Party for Improper Venue, Failure to State a Claim for Personal Liability, and Lack of Personal Jurisdiction by Defendant Eric Fleming, [Doc. No. 114], Motion to Dismiss Party for Improper Venue and Lack of Personal Jurisdiction by Defendant Thielen Marketing, Inc., [Doc. No 117], Motion to Dismiss Party for

Improper Venue Under Rule 12(b)(3), Failure to State a Claim Under Rule 12(b)(6), and Lack of Personal Jurisdiction Under 12(b)(2) by Defendant Neil P. Ziegmann, Doc. No. 119], and Motion to Dismiss Party for Improper Venue Under Rule 12(b)(3), Lack of Personal Jurisdiction Under Rule 12(b)(2), and Failure to State a Claim Under Rule 12(b)(6) by Defendant N.P.Z., Inc., [Doc. No 122]. For the reasons stated herein, Defendants' Motions are granted to the extent that these actions will be transferred, as provided herein, and dismissed.

## BACKGROUND

Plaintiff's Complaint alleges that he is the inventor of U.S. Patent No. 8,881,447B2 ("the '447 Patent"), which provides for a shaped trigger that encompasses a substantial cross-section portion of the hollow body permitting capture of animals while also preventing theft of bait.

Plaintiff claims Defendants are infringing his '447 Patent by importing and selling modified Z-Traps with CrossFire triggers, by importing and selling E-Z Traps which have been modified to accept the CrossFire trigger, and by selling CrossFire trigger components for use in modifying the E-Z Traps.

Further, the Complaint alleges that Defendants Ziegmann and NPZ also violated the Lanham Act, 15 U.S.C. § 1051, et seq., and the Patent Act, 35 U.S.C. § 1, et seq., by false advertising and false marking.

Defendants move to dismiss this case for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3).

## DISCUSSION

**Change in the Law of Venue**

In patent suits, venue is governed by 28 U.S.C. § 1400(b), which provides that "[a]ny civil action for patent infringement may be brought in [1] the judicial district where the defendant resides, or [2] where the defendant has committed acts of infringement and has a regular and established place of business." In 1957, sixty-one years ago, the Supreme Court determined that for purposes of corporate defendants, a corporation "resides" only in its state of incorporation. *See Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 226 (1957). In so holding, the Court rejected the argument that § 1400(b) incorporates the broader definition of corporate "residence" contained in the general venue statute, 28 U.S.C. § 1391(c). *See id.* at 228.

Congress has not amended § 1400(b) since *Fourco* was decided. It has, however, amended § 1391 twice. In 1988, Congress amended that statute to provide that "[f]or purposes of venue *under this chapter*, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." *See TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514 (2017)(emphasis added)

(citation omitted). Interpreting this change, the Federal Circuit concluded that Congress meant to amend the definition of "resides" as it appears in § 1400(b), because that section falls in the same chapter as § 1391(c). *See VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1584 (Fed. Cir. 1990). Accordingly, the Federal Circuit held that in a patent case, a corporation resided anywhere it was subject to personal jurisdiction—greatly expanding the venue options for plaintiffs. In so holding, it found that Congress had effectively legislatively abrogated *Fourco*'s prior venue standard. *See id.* at 1583-84.

For twenty-seven years, from 1990 until 2017, *VE Holding* was the governing standard on the matter of venue in patent litigation, and none of the parties here dispute that fact. Indeed, as recently as 2016, the Federal Circuit reaffirmed its holding in *VE Holding* and explicitly stated that the argument that Congress had meant by its 2011 amendments to return to the rule in *Fourco* was "utterly without merit or logic." *See In re TC Heartland LLC*, 821 F.2d 1338, 1342 (Fed. Cir. 2016). As a consequence relative this matter, under *VE Holding*'s expansive standard, venue was proper in this district at the time this suit commenced.

But alas, the nearly three decade long reign of *VE Holding* came to an abrupt end on May 22, 2017, when the Supreme Court released its opinion in *TC Heartland*. Considering the effects of amendments to § 1391(c) in the years since

*Fourco* was decided, the Court concluded that the Federal Circuit had been incorrect in determining that Congress had intended to move away from the standard enunciated in that case. *See TC Heartland*, 137 S. Ct. at 1520-21.

In *TC Heartland*, 137 S. Ct. at 1518–19, the U.S. Supreme Court clarified that the narrower, patent-specific venue statute, 28 U.S.C. § 1400(b), determines venue in patent infringement suits. Further, the Court held that the general venue statute, 28 U.S.C. § 1391, under which venue is proper in "any judicial district in which any defendant is subject to the court's personal jurisdiction," does not affect the terms or interpretation of the patent venue statute. *Id*. Under § 1400(b), venue for patent infringement actions properly lies either: (1) in the district where the defendant "resides;" or (2) "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).

Thus, the Court returned patent venue law to its status in *Fourco*, holding that "as applied to domestic corporations, 'reside[nce] in § 1400(b) refers only to the State of incorporation." *See id.* at 1521. Under this newly articulated standard, the parties do not disagree that *TC Heartland* is to be retroactively applied, and therefore venue in this Court is improper, with respect to the Defendants, except Orschenln Farm and Home, LLC, Stephen Chick and Justin Chic, and against Neil P. Ziegmann and N.P.Z., Inc., for the Lanham Act violations.

**Transfer Pursuant to 28 U.S.C. § 1406**

As previously noted, 28 U.S.C. § 1400(b) provides that a civil action for patent infringement may be brought "in [1] the judicial district where the defendant resides, or [2] where the defendant has committed acts of infringement and has a regular and established place of business." Under the dictates of *TC Heartland*, Defendants contend that venue in this district is improper, and the case must be dismissed.

Pursuant to § 1406(a), the Court must dismiss unless transfer would "be in the interest of justice." Here, the Court concludes that it would be. While this case has not yet progressed to the point of dispositive motions, it has advanced far enough that it would serve only to delay the progress of justice to require Plaintiff to start at square one. *Cf. Giroir v. MBank Dallas, N.A.*, 676 F. Supp. 915, 923 (E.D. Ark. 1987) (observing that transfer was most appropriate disposition where parties had already begun discovery and plaintiff would likely quickly refile). Accordingly, the Court will exercise its discretion to transfer this case to the proper District Courts. *See* 28 U.S.C. § 1406(a).

**Defendants Stephen Chick and Justin Chick**

Plaintiff contends that venue is proper in this District because Orscheln Farm and Home, LLC, Stephen and Justin Chick are residents of Missouri and operate

several retail stores within the District. In support of this position, Plaintiff submits his declaration that:

> Jim Thielen and Thielen Marketing, Inc. import Z-Traps from China and sell them to distributors throughout the United States, including the Rural King store in Wentzville, Missouri and the Orscheln Farm and Home, LLC stores in Washington, Missouri, Union Missouri, Wentzville, Missouri and Warrenton, Missouri, among other locations. Orscheln Farm and Home, LLC and Stephen Chick and Justin Chick, its owner, also own a warehouse in Mexico, Missouri, Missouri which distributes Z-Traps to their retail stores in Washington, Missouri, Union, Missouri, Wentzville, Missouri and Warrenton, Missouri, among other locations.

This Declaration, however is unsupported by any evidence which controverts the declarations of Stephen Chick with regard to himself and his son and ward, Justin Chick. Defendant Stephen Chick unequivocally declares that neither he nor his son Justin resided within this District at the time of the filing of the Complaint. Furthermore, as provided in the declarations, both Chick Defendants are individuals who never operated a regular place of business within this district. Venue is not proper in this District with regard to Stephen Chick and Justin Chick.

**Orscheln Farm and Home, LLC Motion to Dismiss pursuant to 12(b)(6)**

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the complaint. See *Carton v. General Motor Acceptance Corp.*, 611 F.3d 451, 454 (8th Cir. 2010); *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). To render ineffective a motion to dismiss, the complaint must include "enough facts

to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). To meet the plausibility standard, the complaint must contain "more than labels and conclusions." *Id*. at 555. Rather, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The Court must grant all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens,* 619 F.3d 867, 872–73 (8th Cir. 2010).

A complaint must be liberally construed in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp*., 514 F.3d 801, 806 (8th Cir. 2006). The Court must accept the facts alleged as true, even if doubtful. *Twombly*, 550 U.S. at 555. Thus, a well-pleaded complaint may proceed even if it appears that recovery is very remote or unlikely. *Id.*; a complaint alleging patent infringement must satisfy the facial-plausibility standard from *Twombly* and *Iqbal. See Battle Sports Sci., LLC v. Shock Doctor, Inc.*, 225 F. Supp. 3d 824, 835 (D. Neb. 2016). *Young*, 244 F.3d at 627.

"To survive a motion to dismiss" under that applicable standard, Plaintiff's Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *accord Addiction & Detoxification Inst. L.L.C. v.*

9

Case 2:18-cv-04128-NKL   Document 145   Filed 05/14/18   Page 9 of 16

*Carpenter*, 620 Fed.Appx. 934, 936 (Fed. Cir. 2015) (unpublished) ("*Twombly* and *Iqbal* require that a complaint for patent infringement contain sufficient factual allegations such that a reasonable court could, assuming the allegations were true, conclude that the defendant infringed."). In evaluating the motion to dismiss, "[t]he court accepts as true all factual allegations, but is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *McAdams v. McCord*, 584 F.3d 1111, 1113 (8th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

A plaintiff need not provide "'detailed factual allegations,' " to meet the requirements of Federal Rule of Civil Procedure 8(a)(2), but the rule "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint that alleges facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility." *Twombly*, 550 U.S. at 557. The plaintiff must provide "sufficient factual information to provide" a basis for their claims "and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). A complaint composed of "labels and

10

conclusions, and a formulaic recitation of the elements of the cause of action will not do." *Twombly*, 550 U.S. at 555.

**Direct Infringement**

Under 35 U.S.C. § 271(a), "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." "To prove infringement, a plaintiff must prove the presence of each and every claim element or its equivalent in the accused method or device." *Star Sci., Inc. v. R.J. Reynolds Tobacco Co.*, 655 F.3d 1364, 1378 (Fed. Cir. 2011).

Plaintiff's Complaint identifies the patent at issue and generally identifies the products or product lines he believes might infringe his patent in some way but does not provide sufficient factual development to make a plausible showing of infringement or give Defendants meaningful notice of the grounds for his infringement claims. The Complaint fails to set forth each and every claim element or its equivalent in the accused devices. As Defendant Orscheln argues, it is left to guess at which claim or claims of the '447 Patent it is alleged to have infringed, and the manner in which the accused products allegedly practice each limitation of any such claim.

**Induced Infringement**

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). An induced-infringement claim requires the defendant to know that the induced acts result in patent infringement. *Global–Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765–66, 131 S.Ct. 2060, 179 L.Ed.2d 1167 (2011). In addition, the plaintiff must establish that it was the defendant's specific intent to encourage another's infringement. *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006); *Niazi Licensing Corp. v. St. Jude Med. S.C., Inc.*, No. 17-CV-5096 (WMW/BRT), 2018 WL 2002479, at *1 (D. Minn. Apr. 30, 2018).

"For an allegation of induced infringement to survive a motion to dismiss, the complaint must plead facts plausibly showing that the accused infringer 'specifically intended [another party] to infringe [the patent] and knew that the [other party]'s acts constituted infringement.' *Bill of Lading*, 681 F.3d at 1339. *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1356 (Fed. Cir. 2018).

The Complaint fails to allege facts that plausibly show Defendants specifically intended their customers to infringe the '447 patent and that Defendant knew the customers' actions would constitute infringement. Orscheln Farm and Home, LLC's Motion is well taken.

**Lanham Act Counts V and VI**

Defendants urge dismissal of the Lanham Act Counts, Counts V and VI because the Complaint fails to allege bad faith. The Court agrees. "Because of the tension between federal patent law and a Lanham Act claim for unfair competition, *Zenith [Elecs. Corp. v. Exzec, Inc.* 182 F.3d] at 1352–53, this court previously concluded that it will impose § 43(a) liability on a patentee for marketplace statements only if the statements are proven to have been made in bad faith, *id.* at 1354–55." *Serio-US Indus., Inc. v. Plastic Recovery Techs. Corp.,* 459 F.3d 1311, 1321 (Fed. Cir. 2006). Plaintiff's Lanham Act counts will be dismissed for failure to state a claim.

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, the motions are well taken.

Accordingly,

**IT IS HEREBY ORDERED** Motion to Dismiss Party for Improper Venue Under Rule 12(b)(3) by Defendant Justin Chick, [Doc. No. 84], Motion to Dismiss Party for Improper Venue Under Rule 12(b)(3), Failure to State a Claim under Rule (b)(6), and Lack of Personal Jurisdiction Under Rule 12(b)(2) by Defendant Jay Berlin. [Doc. No. 86], Motion to Dismiss Party for Improper Venue Under Rule 12(b)(3) and Failure to State a Claim Under Rule (b)(6) by Defendant Stephen Chick, [Doc. No. 88], Motion to Dismiss Party for Improper Venue Under

13

Rule 12(b)(3), Failure to State a Claim under Rule 12(b)(6) and Lack of Personal Jurisdiction under 12(b)(2) by Defendant Jeb Hollingshead, [Doc. No. 90], Motion to Dismiss Party for Improper Venue, Failure to State a Claim for Personal Liability and Lack of Personal Jurisdiction by Defendant John Chagnon, [Doc. No. 92], Motion to Dismiss Party for Improper Venue and Lack of Personal Jurisdiction by Defendant Fleming Outdoors, LLC., [Doc. No. 94], Motion to Dismiss Party for Improper Venue Under Rule 12(b)(3) and Lack of Personal Jurisdiction Under 12(b)(2) by Defendant Okie Cable & Trap Supply, LLC., [Doc. No. 96], Motion to Dismiss Party for Improper Venue Under Rule 12(b)(3) and Lack of Personal Jurisdiction Under Rule 12(b)(2) by Defendant Phoenix Composite Solutions, Inc.., [Doc. No. 98], Motion to Dismiss Party for Improper Venue and Lack of Personal Jurisdiction by Defendant Cumberland's Northwest Trappers Supply, Inc.. [Doc. No. 100], Motion to Dismiss Party for Improper Venue Under Rule 12(b)(3) and Lack of Personal Jurisdiction Under 12(b)(2) by Defendant The Sportsman's Guide, Inc.. [Doc. No. 104], Motion to Dismiss Party for Improper Venue, Failure to State a Claim for Personal Liability and Lack of Personal Jurisdiction by Defendant Tina Schultz.[Doc. No. 107], Motion to Dismiss Party for Failure to State a Claim Upon Which Relief Can Be Granted by Defendant Orscheln Farm and Home, LLC., [Doc. No 110], Motion to Dismiss Party for Improper Venue, Failure to State a Claim for Personal Liability, and Lack

of Personal Jurisdiction by Defendant James Thielen, [Doc. No. 111], Motion to Dismiss Party for Improper Venue, Failure to State a Claim for Personal Liability, and Lack of Personal Jurisdiction by Defendant Eric Fleming, [Doc. No. 114], Motion to Dismiss Party for Improper Venue and Lack of Personal Jurisdiction by Defendant Thielen Marketing, Inc., [Doc. No 117], Motion to Dismiss Party for Improper Venue Under Rule 12(b)(3), Failure to State a Claim Under Rule 12(b)(6), and Lack of Personal Jurisdiction Under 12(b)(2) by Defendant Neil P. Ziegmann, Doc. No. 119], and Motion to Dismiss Party for Improper Venue Under Rule 12(b)(3), Lack of Personal Jurisdiction Under Rule 12(b)(2), and Failure to State a Claim Under Rule 12(b)(6) by Defendant N.P.Z., Inc.., [Doc. No 122], are granted.

**IT IS FURTHER ORDERED** that The Patent infringement claims against Neil P. Ziegmann and N.P.Z., Inc. are transferred to the Northern District, Western Division of Iowa.

The Patent infringement claims against Tina Dugan f/k/a Tina Schultz are transferred to the Northern District, Central Division of Iowa.

The Patent infringement claims against James R. Thielen, Thielen Marketing, Inc., The Sportsman's Guide, Inc., Jay Berlin and Cumberland's Northwest Trappers Supply, Inc. are transferred to the District of Minnesota.

The Patent infringement claims against Phoenix Composite Solutions, Inc. d/b/a PCS Outdoors and John Chagnon are transferred to the Eastern District of Michigan.

The Patent infringement claims against Jeb Hollingshead and Okie Cable & Trap Supply, LLC are transferred to the Eastern District of Oklahoma.

The Patent infringement claims against Fleming Outdoors, LLC and James Eric Fleming a/k/a Jim Fleming are transferred to the Middle District of Alabama.

The Patent infringement claims against Stephen Chick and Justin Chick are transferred to the Western District of Missouri.

**IT IS FURTHER ORDERED** the patent infringement claims against Orscheln Farm and Home, LLC, is dismissed for failure to state a claim.

**IT IS FURTHER ORDERED** the Lanham Act claims (Counts V and VI) against Neil P. Ziegmann and N.P.Z., Inc. are dismissed for failure to state a claim.

**IT IS FURTHER ORDERED** that Plaintiff is given 10 days from the date of this Opinion, Memorandum and Order to amend the claims remaining in this District.

Dated this 14th day of May, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE